(63 Misc. Rep. 225.)

## DUNN v. NEW AMSTERDAM CASUALTY CO.

(City Court of New York, Special Term, April, 1909.)

DEATH (§ 5*)—PRESUMPTION OF SURVIVORSHIP.

Where insured and her beneficiary, under a policy payable to the legal representatives of insured on the beneficiary's prior death, both perished in the same disaster, no presumption of the survivorship of either will be indulged, and the personal representatives of insured must establish her survivorship by proof to recover on the policy.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 7; Dec. Dig. § 5.*]

Action by Harry Dunn, as administrator of the goods, etc., of Mary Dunn, deceased, against the New Amsterdam Casualty Company. A dismissal of the complaint was directed, and plaintiff moved to set the same aside. Motion denied.

Henry C. Burnstine, for plaintiff.
Carl Schurz Petrasch, for defendant.

McAVOY, J. The plaintiff's intestate and her sister, Mary Hagenbucher, became insured in the defendant company, making each other reciprocal beneficiaries of the insurance. In the policy in suit is a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

clause which is pertinent to the point raised upon this motion, reading as follows:

"Indemnity for loss of life shall be payable to the beneficiary named in the stub attached hereto, or in the event of the prior death of such beneficiary, or in the event no beneficiary is named in the said stub, as herein provided, then to the legal representatives of the assured."

Both the plaintiff's intestate and her sister died in the Slocum disaster, and survivorship, so far as direct or circumstantial proof is concerned, is unascertainable. The proposition of law which is submitted to the court for determination relates to the necessity of the plaintiff, administrator, showing by some proof which would justify the jury in determining that the burden had been sustained by him, that the beneficiary named in the stub of the policy did not survive his intestate, the assured. It has recently been held that, where persons die in a common disaster, and survivorship is unascertainable, no presumption will be indulged upon which to base a finding of fact with reference to what may have happened. The Court of Appeals says:

"It has frequently been held, in contracts relating to insurance and other matters where a certain result is to follow in case of one beneficiary dying before the insured or promisor, that in case of a death of the insured or promisor and the beneficiary at the same time that the result will follow and that dying at the same time is equivalent to dying before." St. John v. Andrews Institute, 191 N. Y. 254, 83 N. E. 981.

The United States Supreme Court (Young Women's Christian Home v. French, 187 U. S. 401, 23 Sup. Ct. 184, 47 L. Ed. 233) is in accord with this decision, saying:

"The rule is that there is no presumption of survivorship in case of persons perishing by a common disaster, in the absence of proof tending to show the order of dissolution," and that circumstances attending a calamity of the character appearing in the record are insufficient to create any presumption on which the courts can act.

The question of actual survivorship is regarded as unascertainable, and descent and distribution take the same course as if the deaths had been simultaneous. An early case in New York (Newell v. Nichols, 75 N. Y. 78, 31 Am. Rep. 424) held that, where the fact of actual survivorship is incapable of proof, the one upon whom the onus or burden lies fails, and persons thus perishing must be deemed to have died at the same time for the purpose of disposing of their property, and, besides, further decided that there was not even the presumption in death by a common peril of simultaneous death therein, and upon this authority the defendant relies to defeat the claim of the plaintiff, administrator. In the opinion of Chief Justice Fuller there is a reference to the case of Underwood v. Wing, 19 Beav. 459, in which the rule is held to be that the question of survivorship is the subject of evidence to be produced before the tribunal which is to decide upon it, and which is to determine it as any other fact. In consideration of this question as to where the burden of proof rests, the court said it must rest upon the person who claims the property through the instrument; that there was no presumption of law that all died at the same time in a common disaster, and the burden of proof in that

case is on the one asserting the affirmative. Quotation is made from a text-book (Best's Principles of Evidence) stating:

"When, therefore, a party on whom lies the onus of proving survivorship of one individual over another has no other evidence than the assumption that one must have struggled longer against death than his companion, he cannot succeed; but, on the other hand, it is not correct to suppose that the law presumes both to have perished at the same moment."

In the Newell Case, supra, the court distinctly held that the burden of establishing simultaneous death rests upon that party who claims any portion of the estate through such fact. It cannot be said there would have been any right of action in the plaintiff, as administrator, unless there were proof as to the divesting of the beneficiary's estate in the policy. Such defeasance of beneficiary's estate, whether merely an expectant right or a vested interest, can be predicated only upon the death of such beneficiary prior to the death of the insured, or a change in the name of the beneficiary by the assured, if such would be permissible under the contract; but it cannot be asserted that there is any rule entitling the administrator of the insured to a recovery when there is failure of proof upon his part. Good pleading would require an allegation that the beneficiary had died, and that the insured had survived to declare a cause of action under the policy. Logically, under the rule of secundum allegata et probata, legal proof must be forthcoming upon the trial as to such necessary allegation. The defendant company is under no moral or legal obligation to pay upon an insurance contract unless there be persons in being entitled to collect thereon pursuant to the terms and according to the engagements entered into therein with the original policy holder, and even though there be a failure of beneficiary, or, what would in probate matters be abhorent to the law, an intestacy with reference to this policy fund, yet it would still be a legal result justified by the evidence. It is true that in probate courts, where intestacy is not permitted if possible so to construe a will as to prevent it, the presumption of simultaneous death is indulged in where the testator and the original devisee or legatee perish in a common peril or disaster; but, as said in St. John v. Andrews, supra, this presumption is indulged for want of a better one for the very lack of any better means of distribution, and such is the law through necessity in the administration of estates. No such rule has ever been applied in suits under insurance policies, and counsel for plaintiff in his well-prepared and well-considered citation of authorities gives no hint to the court of any case sustaining the proposition.

The question of survivorship of persons perishing in this very disaster has been the subject of judicial determination in the courts of this state in Matter of McInnes, 119 App. Div. 440, 104 N. Y. Supp. 147. The persons so perishing were husband and wife. The wife had made a will appointing one McInnes executor. Upon the accounting the legatees under the will disputed with the executors of the estate of the husband as to the survivorship of the parties. The legatees claimed that the testatrix died after her husband, and that they were entitled therefore to take under the will. On the other hand, the husband's executors claimed that the husband survived the

wife, and that the residuary estate reverted to the husband and became part of his estate, which his executors would be entitled to upon the husband's death. The learned surrogate made a decree directing distribution to the legatees of the wife because survivorship of the husband had not been proven by the executors of the husband's estate; that it was their burden to prove such survivorship; that they asserted it, and therefore had the affirmative. The Appellate Division, Second Department, affirmed the court below on the principles of law, but reversed on the facts, on the ground that the burden of proof rested upon the executors of the husband's estate, that they had borne the burden, and were entitled to the residuary estate of the deceased wife.

I have not considered, since I do not base my decision upon these grounds, the points raised by defendant's counsel with reference to the nature of the public conveyance upon which the insured was traveling at the time of her decease. It would seem that a steamboat chartered by a private association was not a conveyance provided by a common carrier for passenger service. The questions of time in which suit should be brought or notice thereof should be given are subject and have been subject to modification by courts according to the circumstances. Since the decision here is based upon the broad question of law, I have not considered the technical proof, which, perhaps, might be necessary, or its failure accounted for, if such points were raised on a motion for a dismissal at the trial.

Motion to set aside the direction of the court for a dismissal of the complaint is therefore denied.

Motion denied.